# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**KEVIN THOMPSON**                                                                 **PLAINTIFF**

**V.**                                                      **NO.: 1:20-CV-181-JMV**

**KILOLO KIJAKAZI**
*Commissioner of Social Security*                                       **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding application for a period of disability and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the ALJ's decision is affirmed.

On June 5, 2018, Plaintiff filed applications for DIB and SSI. Tr. 188-98. The agency denied Plaintiff's applications initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff was 55 years old on the disability alleged onset date of December 25, 2017, and he was 57 years old on December 3, 2019, the date of the ALJ's decision (Tr. 12-27, 188, 195).

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

I.   Sequential Evaluation Process

After conducting an administrative hearing and considering the record evidence, the ALJ issued a decision dated December 3, 2019, finding that Plaintiff did not meet the Act's definition of disability and thus was not disabled. Tr. 12-27. The ALJ evaluated Plaintiff's claims under the familiar five-step sequential evaluation process (Tr. 16-17).1 At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity levels since December 25, 2017, the alleged onset date of disability. Tr. 18. At step two, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis of right hip and right knee status-post surgery; degenerative joint disease of spine. *Id.* At step three, the ALJ determined that Plaintiff's severe impairments did not meet or medically equal the requirements of any listed impairments for presumptive disability under the regulations. Tr. 19. The ALJ next determined that Plaintiff had the RFC to perform medium work. At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work. Tr. 25. At step five, the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy. Tr. 27.

II.   Standard of Review, Standard of Disability, and Burden of Proof

The Commissioner's factual findings shall be conclusive if substantial evidence supports them. 42 U.S.C. § 405(g). Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotations omitted). The substantial evidence standard has been compared to the deferential clearly erroneous standard. *Id.*, citing *Dickinson v. Zurko*, 527 U.S. 150 (1999). Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) "Because the Commissioner is responsible for

weighing the evidence, resolving conflicts and making independent findings of fact . . . [the] Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner." *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000) (citations omitted). A Plaintiff must prove his disability, as defined by the Act, to be entitled to Social Security disability benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). Moreover, a Plaintiff also bears the burden of showing that any alleged error of law was prejudicial because the Supreme Court has recognized that the doctrine of harmless error applies to administrative determinations, and the Fifth Circuit has specifically held that it will not vacate a judgment unless the substantial rights of a party are affected. *See Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009); *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The Plaintiff raises the following issues: (1) Did the ALJ inappropriately consider the opinions of Seth Brown, D.O.?; (2) Did the ALJ inappropriately consider the opinions of Dr. Drew Anthony?; and (3) Did the ALJ err in citing as evidence against Mr. Thompson a medical record that was over one year prior to his alleged onset date of disability? *See* Pl. Br. at 6-9.

1. <u>Did the ALJ inappropriately Consider the Opinion of Seth Brown, D.O.?</u>

The Plaintiff argues, with respect to the August 25, 2018, consultative opinion of Seth Brown, D.O. that the ALJ erred by: (1) not recognizing a more stringent functional limitation on his ability to lift; and (2) considering the CE's opinion in general because the CE did not have all of the Plaintiff's medical records when rendering his opinion**.**

In the undersigned's view, there was no legal error in the ALJ's consideration of the CE opinion. First, Dr. Brown did have some of the existing medical records for review during his consultative examination. And, there is no legal requirement that the ALJ disregard a CE simply

because there is a lapse of time and/or additional medical records accumulated prior to rendition of the ALJ's decision. Rather, as is the case with all opinion evidence, where the "new" evidence remains, among other factors, consistent with earlier medical opinion, the opinion remains relevant. *See Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016).

In this case, the undersigned finds there was no error by the ALJ is accessing the persuasiveness of the CE's opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

As for Plaintiff's assertion that the ALJ failed to include in the RFC a functional limitation assessed by the CE, the undersigned finds that this contention overstates the CE's assessment. While the CE did note the Plaintiff demonstrated he could lift light objects at the exam, he did not find he was unable to lift more than a light object. On the contrary he found, in objective testing, that Plaintiff's upper extremity strength was equal and normal, and he specifically found the Plaintiff had no significant limitations with lifting or carrying weight.

2. <u>Did the ALJ properly consider the opinion of Drew Anthony, M.D. under the new rules for considering medical opinions?</u>

The ALJ found Dr. Drew Anthony's opinion unpersuasive especially in light of the fact that it was inconsistent or unsupported by the evidence. The ALJ noted that Dr. Anthony completed, on October 18, 2019, a medical source statement and physical capacities assessment form, and Dr. Anthony opined, in a check list fashion, that Plaintiff was limited to a less than sedentary work functional capacity due to "generalized osteoarthritis," multilevel degenerative changes in the spine, and "hip osteoarthritic disease" with "arthralgia/myalgia." Tr. 444-48. The physician opined that Plaintiff could stand and/or walk sit for only one-to-two-hour intervals at a time, and never climb, stoop, crouch, kneel or crawl. Tr. 445-46. In addition, Dr. Anthony further opined that Plaintiff is "unable to do any manual work due to pain in hips, joints, knees, back," and concluded

Plaintiff would likely be absent from work more than four days per month due to his impairments or treatment. Tr. 447-48.

In the opinion of the court, the ALJ correctly applied the new regulations for evaluating medical opinions and prior administrative findings at 20 C.F.R §§404.1520c, 416.920c. In particular the ALJ pointed out that Dr. Anthony essentially only noted Plaintiff's diagnoses and reported subjective symptoms (e.g., "causes pain…" and "palpable pain" on evaluations) without other supporting objective findings or explanation for the opinion of disability. Tr. 25. Further, the ALJ noted that the opinion was not consistent with the other medical evidence of record including Plaintiff's imaging studies (showing generally only mild degenerative changes) and neuromuscular exams throughout the record indicating no focal neurological deficits with normal strength, sensation, and normal gait. Tr. 25, 350, 369, 374, 376, 378, 406, 417, 426, 427, 440, 442. The ALJ correctly found that Dr. Anthony's opinion was at odds with the objective examination findings and assessment by independent, consultative medical examiner Dr. Brown, who assessed Plaintiff as having no functional work limitations. Tr. 25, 408.

Moreover, appellate courts, including the Fifth Circuit, have often held that checklist opinions are unworthy of credence when, as here, they are not adequately supported by, or are inconsistent with, the Plaintiff' s underlying medical records. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011); *see also McLendon v. Barnhart*, 184 F. App'x 430, 432 (5th Cir. 2006) (noting the limited evidentiary value of such a "checklist.").

<u>(3) Did the ALJ err in citing as evidence against Mr. Thompson a medical record that was over one year prior to his alleged onset date of disability?</u>

Finally, as to the assertion that the reference by the ALJ to a medical record predating Plaintiff's alleged onset date in which it was recommended claimant exercise, the court finds that there has been no demonstration that this was prejudicial legal error.

Given the above, the court finds there is demonstrable substantial evidence of record to support the decision as outlined in the ALJ's decision, the Commissioner's brief, and the objective medical evidence. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED AND ADJUDGED** this 28th day of September, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**